UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RODERICK WOODS** | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:15-cv-10321 |
|  | ) | |
| **AMERICAN CORADIUS** | ) | |
| **INTERNATIONAL, LLC** | ) | |
| Defendant, | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Roderick Woods, an individual consumer, against Defendant's violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business and resides here, personal jurisdiction is established.

### III.   PARTIES

4.  Plaintiff, Roderick Woods (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Hampden County, in the state of Massachusetts.

5.  Defendant, American Coradius International (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Erie County, in the state of New York.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8. Sometime before January 17, 2015, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to January 17, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Defendant then within one year prior to the filing of this complaint, made statements to Plaintiff asserting a right to interest on Plaintiff's alleged debt, without a contractual or statutory right to collect such interest.  Defendant attempted to mislead Plaintiff into thinking that the balance of the debt that Plaintiff allegedly owed was larger than it was.

Defendant also called Plaintiff's workplace in the first quarter of 2014, four times in February of 2014, and alerted Plaintiff's co-workers to his alleged debt without his express consent.  Plaintiff never gave Defendant his workplace number, which he acquired in the years post the alleged debt having been incurred.  These calls and statements by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(b); §1692d, §1692e, §1692e(10), and §1692f.

## V.     CAUSES OF ACTION

### CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

13. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Roderick Woods respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  February 10, 2015

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor
Boston, Massachusetts 02109
Phone: (978) 420-4068
Fax: (857) 488-4062
k.crick@rightsprotect.com
**Attorney for Plaintiff**

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Roderick Woods demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.